# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| STUART HERRING, Individually and for Others Similarly Situated,<br><br>　　Plaintiff<br><br>v.<br><br>G.A.S. GLOBAL SERVICES, LLC<br><br>　　Defendant | Case No. 4:22-cv-02841<br><br>Collective Action<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1.　G.A.S. Global Services, LLC (G.A.S.) does not pay overtime to the hourly employees as required by the Fair Labor Standards Act (FLSA).

2.　Instead, G.A.S. pays these workers the same hourly rate for all hours worked, including those worked in excess of forty in a workweek.

3.　G.A.S. did not pay its hourly workers a guaranteed salary.

4.　While working for G.A.S., Stuart Herring (Herring) and other workers like him, did not receive overtime as required by the FLSA.

5.　Herring brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

6.　This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the facts giving rise to this suit occurred in this District and Division.

8.　G.A.S. is headquartered in Sugar Land, Texas.

## THE PARTIES

9. Herring is an hourly employee of G.A.S.

10. While working for G.A.S., Herring did not receive a guaranteed salary.

11. Herring is staffed by G.A.S. to Kiewit Corporation.

12. Herring is a Mechanical Commissioning Supervisor for G.A.S.

13. G.A.S. required Herring to work overtime to perform his job.

14. Herring's written consent is attached as <u>Exhibit A</u>.

15. G.A.S. employed Herring and those similarly situated to him.

16. Herring brings this action on behalf of himself and all other similarly situated employees working for G.A.S. and paid straight time for overtime.

17. Therefore, the class is properly defined as:

**All current or former employees of G.A.S. who were paid straight time for overtime in the past 3 years (The "Putative Class Members").**

18. The Putative Class Members are readily identifiable from G.A.S.'s records.

19. **G.A.S. Global Services, LLC**. may be served with process by serving its registered agent c/o David Glass at 14100 Southwest Freeway, Suite 320, Sugar Land, Texas 77478, or wherever he may be found.

## COVERAGE UNDER THE FLSA

20. At all relevant times, G.A.S. was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, G.A.S. was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all relevant times, G.A.S. was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

23. At all relevant times, G.A.S. has had an annual gross volume of sales made or business done of not less than $500,000.

24. At all relevant times, Herring and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

### THE FACTS

25. G.A.S. provides the energy industry with staffing solutions.

26. Herring works for G.A.S. and is staffed to the Kiewit Corporation.

27. Herring is a Mechanical Commissioning Supervisor.

28. Herring reviewed and oversaw the commissioning of mechanical duties for a power plant.

29. Herring would review the repairing of pipes and other mechanical operations in the power plant.

30. Pursuant to his agreement, Herring would be paid the same hourly rate for hours worked below 40 and over 40 in a workweek.

31. Herring was an hourly employee of G.A.S.

32. Herring earned $75 per hour while working for G.A.S.

33. Herring has worked for G.A.S. since December 14, 2020.

34. Herring is not guaranteed a salary by G.A.S.

35. Herring is not paid for holidays.

36. Herring does not receive paid time off.

37. If Herring worked less than 40 hours in a week, he was only paid for the hours he worked.

38. For example, in the one-week pay period ending on November 28, 2021, Herring worked 16 hours.

39. During that week, Herring worked less than 40 hours and was only paid for the time he worked.

40. If Herring only worked part of the day, he would only be paid for the hours he actually worked.

41. Partial day deductions are made from Herring and the Putative Class Members' compensation.

42. Herring normally worked more than 40 hours in a week.

43. Herring regularly worked 60 or more hours per week.

44. For example in the workweek ending on April 10, 2022, Herring worked 80.5 hours.

45. For that week, Herring was paid his straight time rate for all 80.5 hours.

46. Thus, rather than receiving time and a half as required by the FLSA, Herring only received "straight time" pay for the overtime hours he worked over 40 hours.

47. The Putative Class Members worked similar hours.

48. The hours worked by Herring and the Putative Class Members are required by G.A.S. and its clients.

49. The "straight time for overtime" scheme violates the FLSA.

50. Herring and the Putative Class Members are paid straight time for overtime rather than time and a half.

51. Like Herring, the Putative Class Members are not guaranteed a salary while working for G.A.S.

52. G.A.S. has known about the FLSA, and its overtime requirement, for many years.

53. G.A.S. has been sued for the same pay practice in the past.

54. G.A.S. did not investigate the legality of its classification of Herring and the Putative Class Members as exempt from the overtime requirements of the FLSA.

55. G.A.S. did not investigate the pay practice which applied to Herring and the Putative Class Members met the salary basis test.

56. G.A.S. was aware of the hours worked by Herring and the Putative Class Members.

57. G.A.S. was aware Herring and the Putative Class Members worked in excess of 40 hours in a workweek.

58. While working for G.A.S., certain hourly employees, such as Herring, are denied overtime.

59. G.A.S. recklessly disregarded its FLSA obligations.

60. G.A.S.'s failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

61. Herring incorporates the preceding paragraphs.

62. G.A.S.'s illegal "straight time for overtime" policy extends beyond Herring.

63. As implemented by G.A.S., the "straight time for overtime" payment plan violates the FLSA.

64. Numerous employees were paid straight time for overtime while working for G.A.S.

65. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

66. The workers impacted by G.A.S.'s "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

67. G.A.S.'s failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

68. Herring's experiences are therefore typical of the experiences of the Putative Class Members.

69. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

70. Herring has no interests contrary to, or in conflict with, the Putative Class Members.

71. Like each Putative Class Member, Herring has an interest in obtaining the unpaid overtime wages owed under federal law.

72. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by G.A.S.

73. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

74. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and G.A.S. will reap the unjust benefits of violating the FLSA.

75. Furthermore, even if some Putative Class Members could afford individual litigation against G.A.S., it would be unduly burdensome to the judicial system.

76. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to G.A.S., and to the Court.

77. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

78. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether G.A.S. required Herring and the Putative Class Members to work more than 40 hours during individual work weeks;

   b. Whether G.A.S.'s decision to pay Herring and the Putative Class Members straight time for overtime was made in good faith;

   c. Whether G.A.S. paid Herring and the Putative Class Members on a salary basis;

   d. Whether G.A.S. failed to pay Herring and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

   e. Whether G.A.S.'s violation of the FLSA was willful; and

   f. Whether G.A.S.'s illegal pay practices are applied to Herring and the Putative Class Members.

79. Herring and the Putative Class Members sustained damages arising out of G.A.S.'s illegal and uniform employment policy.

80. Herring knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

81. Herring will fairly and adequately represent and protect the interests of the Putative Class Members.

82. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION – VIOLATION OF THE FLSA

83. Herring incorporates the preceding paragraphs.

84. By failing to pay Herring and the Putative Class Members overtime at one-and-one-half times their regular rates, G.A.S. violated the FLSA's overtime provisions.

85. G.A.S. owes Herring and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

86. Because G.A.S. knew, or showed reckless disregard for whether its pay practices violated the FLSA, G.A.S. owes these wages for at least the past three years.

87. G.A.S. is liable to Herring and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

88. Herring and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

89. Herring demands a trial by jury.

## PRAYER

90. Herring prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all current and former employees who received straight time for overtime;

    b. Judgment awarding Herring and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d.    All such other and further relief to which Herring and the Putative Class Members may show themselves to be justly entitled.

> Respectfully submitted,
>
> By: */s/ Michael A. Josephson*
> **Michael A. Josephson**
> Fed. Id. 27157
> State Bar No. 24014780
> **Andrew Dunlap**
> Fed Id. 1093163
> State Bar No. 24078444
> **Richard M. Schreiber**
> Fed. Id. 705430
> State Bar No. 24056278
> **JOSEPHSON DUNLAP LLP**
> 11 Greenway Plaza, Suite 3050
> Houston, Texas 77046
> 713-352-1100 – Telephone
> 713-352-3300 – Facsimile
> mjosephson@mybackwages.com
> adunlap@mybackwages.com
> rschreiber@mybackwages.com
>
> **AND**
>
> **Richard J. (Rex) Burch**
> Fed. Id. 21615
> Texas Bar No. 24001807
> **BRUCKNER BURCH PLLC**
> 11 Greenway Plaza, Suite 3025
> Houston, Texas 77046
> 713-877-8788 – Telephone
> 713-877-8065 – Facsimile
> rburch@brucknerburch.com
>
> **ATTORNEYS IN CHARGE FOR PLAINTIFF**